[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter is before this Court pursuant to Superior Court Rule of Practice (hereinafter R.P. 2.9(b)), "Proceeding on appeal from master" following the denial of Defendant's Motion to Dismiss filed pursuant to Rule 12 (b)(6) of the Superior Court Rules of Civil Procedure.
Plaintiff, Kathleen Lacombe, filed her complaint on July 13, 2004, alleging in Count I that Defendant, Stephen Fay's conduct "on diverse occasions . . . constitutes extortion pursuant to G.L. § 11-42-2" thereby entitling Plaintiff to recover civil damages under G.L. § 9-1-2 and punitive damages. Defendant, in addition to filing his written answer to Plaintiff's complaint on August 6 2004, raised as his second affirmative defense that Plaintiff's complaint fails to state a claim upon which relief could be granted.
Following various motions filed by both parties, the matter came for hearing on April 18, 2005 before the Court. Because of the recusal of the judge to whom the motion was originally assigned, the matter was heard by Special Magistrate Keough. After considering the arguments from counsel for the parties, Special Magistrate Keough denied Defendant's Motion to Dismiss on April 22, 2005.
Defendant, on April 29, 2005 pursuant to R.P 2.9(b), filed his notice of appeal and ordered the transcript from the proceedings before Special Magistrate Keough. The transcript from the proceedings was filed on May 2, 2005, as required by R.P. 2.9(f). Again, because of the recusal of the judge to whom the appeal was required to be considered, it was assigned to this Court.
R.P. 2.9(h) entitled "Review" reads as follows:
 "The Superior Court Justice shall make a de novo
determination of those portions to which the appeal is directed and may accept, reject or modify, in whole or in part, the judgment, order or decree of the master. The justice, however, need not formally conduct a new hearing and may consider the record developed before the master, making his or her own determination based on that record whether there is competent evidence upon which the master's judgment, order or decree rests. The justice may also receive further evidence, recall witnesses or recommit the matter with instructions."
Nothing within this rule requires this Court to conduct a new hearing. The obligation upon this Court is to review de novo Defendant's 12(b)(6) motion and determine if this Court will accept, reject, or modify the prior ruling of Special Magistrate Keough.
After considering the transcript from the proceedings together with the pleadings permissible for ruling on a 12(b)(6) motion to dismiss, this Court accepts in its entirety, the ruling by Special Magistrate Keough and the order entered thereupon. It is clear to this Court that Special Magistrate Keough applied the correct holdings of law to Defendant's motion, and considered the arguments from both counsel addressing the motion.
Defendant's appeal from the decision and order of Special Magistrate Keough is denied. Counsel for the prevailing party shall prepare an appropriate order.